UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 98-cr-40043-JPG |
| ALBERT C. WILLIAMS, | |
| Defendant. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Albert Williams's *Pro Se* Motion (Doc. 274) for reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court appointed counsel for Defendant, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of Defendant's request (Doc. 277). *See Anders v. California*, 386 U.S. 738, 744 (1967). Both the government and Defendant were given thirty days to respond to defense counsel's motion. Only Defendant filed a Response (Doc. 293), which the Court notes was untimely.

Defendant was convicted of one count of conspiracy to distribute crack cocaine and two counts of distribution of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Defendant's relevant conduct was at least 150 grams but less than 500 grams of crack cocaine. Accordingly, Defendant's base offense level under U.S.S.G. § 2D1.1 was 34 and his criminal history category was III, yielding a guideline sentencing range of 188 months to 235 months in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Defendant's statutory minimum sentence was increased to twenty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(A) (2006). Consequently, pursuant to U.S.S.G. §

5G1.1(b), the Court sentenced Defendant to the minimum guideline of twenty years. Defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing

range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Because Defendant was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been twenty years imprisonment. Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 277) and **DISMISSES** Defendant's *Pro Se* Motion (Doc. 274) for a sentence reduction for **lack of jurisdiction**. The Clerk is **DIRECTED** to mail a copy of this order to Defendant Albert Williams, #04791-025, FCI Manchester, P.O. Box 4000, Manchester, Kentucky 40962-4000.

**IT IS SO ORDERED.**
**Dated: September 14, 2009**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**